CASE 33—PETITION ORDINARY—NOVEMBER 12.

## Metz's Adm'r. v. L. & N. R. R. Co

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. BILL OF EXCEPTIONS—TIME FOR FILING.—When a party obtains time within which to file his bill of exceptions to a subsequent day which is within sixty days from the time when the judgment became final, he may ignore the time limit fixed in such order and rely on his statutory right of presenting same within sixty days.

2. BILL OF EXCEPTIONS—PRACTICE IN CIVIL CASES.—If instead of relying on this right he relies on a bill signed by a special judge, who did not preside at the trial, when he had ample opportunity to present it to the trial judge, the bill will not be considered by this court, although it was signed by the proper judge some ten months afterwards.

GARDNER & MOXLEY FOR APPELLANT.

1. No objection having been made in the lower court to the filing of the bill of exceptions, the question can not be raised for the first

[15]

time in the Court of Appeals. Downing v. Bacon, 7 Bush, 684; Smith v. Blakeman, 8 Bush, 480; Freeman v. Bremhan, 17 B. M., 608; Vandever v. Vandever, 3 Met., 137; Civil Code, sec. 333, sub-section 3.

LYTTLETON COOKE FOR APPELLEE.

1. Under the provisions of section 1016 of the Kentucky Statutes the judge of a court of continuous session, can not sign a bill of exceptions after the expiration of 120 days from the final judgment. Johnson v. Stephens, 15 Ky. Law Rep., 477.

2. The facts in this case are very unlike those in the cases cited by appellant; in those cases the bills were presented to the regular judge within the proper time and the failure to sign them was caused by the action of the judges themselves, and not through any fault of the appellants; but in this case the bill was tendered to a special judge and not to the regular judge who tried the case, although they had ample opportunity to do so.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

When a party obtains time within which to file his bill of exceptions to a subsequent day not sixty days from the time when the judgment becomes final, he may ignore the time limit and rely on his statutory right of presenting his bill within the sixty days provided by law. (Kentucky Statutes, section 1016; Connelly v. Adams, 19 K. L. R., 1081.)

If instead of relying on this right he relies on a bill signed by a special judge who did not preside at the trial, when ample opportunity was afforded him to present it to the trial judge, the bill will not be considered by this court, even though he gets it signed by the proper judge some ten months afterwards. He is at fault in presenting the bill to the special rather than to the trial judge, and it is not as if he had done all he could do and the delay was caused by the court.

In the cases of Nance's Admr. v. N. N. & M. V. Co., 13 Ky. Law Rep., 504, and Meaux v. Meaux, 81 Ky., 477, relied

on by appellant, the parties presented their bill within the proper time and to the proper judge for signature, and the delay was caused wholly by the judge failing to act.

But outside of this question, upon the facts presented, we are of opinion that the peremptory instruction was properly given by the trial judge.

The judgment is affirmed.